DAVID WM. ENGELMAN, SBA #004193
BRADLEY D. PACK, SBA #023973
**ENGELMAN BERGER, P.C.**
3636 NORTH CENTRAL AVENUE
SUITE 700
PHOENIX, ARIZONA 85012
———————
Ph: (602) 271-9090
Fax: (602) 222-4999
Email: dwe@eblawyers.com
Email: bdp@eblawyers.com
———————

Attorneys for Pineda Grantor Trust II

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| DUNLAP OIL COMPANY, INC., QUAIL HOLLOW INN, LLC, | Case No.: 4:12-bk-23252-JMM<br>Case No.: 4:12-bk-23256-JMM |
| Debtors. | (Jointly Administered) |
| Filing applies to both Debtors. | **PINEDA GRANTOR TRUST II'S MOTION TO DETERMINE VALUE OF INTEREST IN COLLATERAL PURSUANT TO 11 U.S.C. § 506** |

Pineda Grantor Trust II ("Pineda"), a secured creditor in the above bankruptcy cases of Dunlap Oil Company, Inc. ("Dunlap Oil") and Quail Hollow Inn, LLC ("Quail Hollow," and collectively with Dunlap Oil, the "Debtors"), hereby moves pursuant to 11 U.S.C. § 506(a) and Federal Rule of Bankruptcy Procedure 3012 for the entry of an order determining the value of its interest in the property securing its claim against the Debtors. Pineda requests that: (a) the Court set a scheduling conference for the purpose of scheduling an evidentiary hearing on the valuation of Pineda's secured claim and setting deadlines for the disclosure of witnesses and exhibits, including the exchange of expert witness reports, and for conducting discovery; and (b) that the evidentiary hearing be set before or in conjunction with the hearing on confirmation of the Debtors' Joint Plan of Reorganization (the "Plan").

This Motion is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto and the papers and pleadings on file, all of which are incorporated herein by this reference.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. BACKGROUND

The factual background of this matter is set forth in detail in Pineda's *Objection To Approval Of Debtors' Disclosure Statement* filed on January 24, 2013 at Docket No. 164, which is incorporated herein by this reference. In summary, Pineda holds a claim against the Debtors relating to four loans (collectively, the "Loans") to Dunlap Oil from Pineda's predecessor, Compass Bank. As of October 24, 2012, the date of the filing of the Debtors' bankruptcy petitions, the outstanding balance of the Loans was **$6,998,815.54.** In November 2012, Compass assigned its rights under the Loans and the security therefor to Pineda. Pineda timely filed proofs of claim in each of the Debtors' bankruptcy cases (Case No. 4:12-bk-23252, Claim Register No. 47; Case No. 4:12-bk-23256, Claim Register No. 3).

The Loans are secured by deeds of trust on certain real personal property owned by the Debtors, including five gas station/convenience stores, a commercial warehouse fuel storage facility, a retail strip center and the Best Western Quail Hollow Inn hotel (the "Hotel"). The Loans are also secured by a blanket UCC lien on all of Dunlap Oil's accounts and contracts, inventory, equipment and general intangibles.

Prior to transferring the Notes to Pineda, Compass Bank obtained appraisals of all of the real property collateral as of August 1, 2012.[1] Copies of said appraisals were provided to counsel for Debtors on December 14, 2012. The appraisals make the assumption that all property tax liens on the property have been paid. In fact, as disclosed in Debtors' Disclosure Statement, there is approximately $775,000 of senior real and personal property tax liens encumbering the properties. When the tax liens are considered, the appraised value of Pineda's interest in the real property is **$5,230,485**, itemized as follows:

---

[1] Pineda reserves the right to present updated or additional valuation evidence at any hearing or proceeding in this bankruptcy.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

| PROPERTY | APPRAISED AMOUNT | TAX LIENS | VALUE OF INTEREST |
|---|---|---|---|
| 759 S. Haskell Ave., Willcox | $350,000 | $91,674 | $258,326 |
| 1288 S. Highway 92, Bisbee | $700,000 | $25,104 | $674,896 |
| 696 N. Ocotillo Road, Benson | $140,000 | $32,348.00 | $107,652 |
| Quail Hollow Motel, 699 N. Ocotillo Road, Benson | $1,900,000 | $300,674 | $1,599,326 |
| 13968 N. Sandario Road, Marana | $925,000 | $74,715 | $850,285 |
| 1796 E. Fry Blvd., Sierra Vista | $470,000 | $41,656 | $428,344 |
| 1860 S. Highway 92, Sierra Vista | $870,000 | $78,798 | $791,202 |
| Shopping Center - 902 - 918 W Rex Allen | $650,000 | $129,546 | $520,454 |
| **Total Values** | **$6,005,000** | **$774,515** | **$5,230,485** |

Notwithstanding the valuations set forth in the foregoing appraisals, Debtors take the position in their Disclosure Statement that Pineda is actually oversecured, on the basis of their estimate of the value of the subject properties. The only information in the Disclosure Statement that Debtors provide as to the source of their value estimates is that they are "taken from appraisals obtained by CCB and Compass, as well as management estimates." Apparently, however, Debtors are relying on statements contained in a March 2011 letter concerning the "appraised value" of the collateral for the Loans.

Debtors filed their *Joint Plan Of Reorganization* (the "Plan") on December 28, 2012. In general, the Plan proposes a number of partial "dirt for debt" transfers, whereby Debtors will deed certain properties to Pineda in exchange for a credit against the secured claim equal to the "fair market value" of the transferred properties. Specifically, Debtors propose to transfer the following properties to Pineda in exchange for credit against Pineda's secured claim in the following amounts, which Debtors estimate to be the "fair market value" of said properties, less the amount of the senior tax liens:

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

- Benson Chevron:[1]        $152,436
- Ocotillo Gas Station:     $426,652
- Hotel:                    $2,974,326
- Fry Blvd. Gas Station:    $808,344

The remaining balance of Pineda's secured claim would be paid on the basis of a 25 year amortization schedule with 5% interest, and will be payable in full 5 years from confirmation. The Plan does not specify what treatment Pineda would receive if it were to make the election under § 1111(b) to be treated as fully secured.

## II. RELIEF REQUESTED

Under 11 U.S.C. § 506(a), the allowed claim of a creditor with a lien on estate property is bifurcated into two components: (1) a secured claim equal to the value of its interest in the collateral; and (2) an unsecured claim for any remaining balance. Specifically, § 506(a)(1) provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property....

Bankruptcy Rule 3012 provides that "the court may determine the value of a claim secured by a lien on property in which the estate has an interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct." A § 506(a) valuation is required to determine if the Debtors' Plan is both feasible and fair and equitable as to Pineda's secured claim. That is particularly in light of the fact that the Plan proposes a "dirt for debt" transfer of a portion of Pineda's collateral in exchange for a credit against its claim equal to the value of the property so transferred. Under Ninth Circuit law, partial dirt for debt plans are "subject to extremely close scrutiny," in large part because "the precise

---

[1] Debtors claim to own this property free and clear of any voluntary liens. It is not among Pineda's collateral. Pineda reserves the right to object to the Plan to the extent it proposes a "dirt for debt" transfer of property that Pineda does not assert an interest in.

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

value of land is difficult, if not impossible, to determine until it is actually sold." *In re Arnold & Baker Farms*, 177 B.R. 648, 660 (B.A.P. 9th Cir. 1994) *aff'd*, 85 F.3d 1415 (9th Cir. 1996). In such dirt for debt cases, the Court must utilize the "fair value" methodology, which discounts the market value of the property for any expected holding period before the property may actually be sold. *Id.* at 656.

Accordingly, Pineda is filing this motion in preparation for a contested confirmation hearing on the Plan. As of the date of this motion, the Debtors' disclosure statement has not been approved, and thus no confirmation hearing has yet been scheduled. However, it is anticipated that Debtors will be submitting an amended disclosure statement by February 14, 2013. In the event it is approved, an initial confirmation hearing will soon be scheduled.

## III. CONCLUSION

For the foregoing reasons, Pineda respectfully requests that: (a) the Court set a scheduling conference for the purpose of setting an evidentiary hearing to determine the value of its secured claim under 11 U.S.C. § 506(a) with respect to all of the collateral for the Loans identified herein; (b) that the final evidentiary hearing under § 506(a) be set before or in conjunction with the hearing on confirmation of the Plan; and (c) the Court grants such other and further relief as it deems just and appropriate under the circumstances.

**DATED** this 6th day of February 2013.

**ENGELMAN BERGER, P.C.**

By */s/ Bradley D. Pack, SBA #023973*
David Wm. Engelman
Bradley D. Pack
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012
Attorneys for Pineda Grantor Trust II

**COPY** of the foregoing served via method indicated this 6th day of February 2013 to:

Quail Hollow Inn, LLC
759 S. Haskell
Willcox, AZ
**Via US Mail**

ENGELMAN BERGER, P.C.
3636 North Central Avenue, Suite 700
Phoenix, Arizona 85012

| | |
|---|---|
| 1 | Dunlap Oil Company |
| | 759 S. Haskell |
| 2 | Willcox, AZ 85643 |
| | **Via US Mail** |
| 3 | |
| | John R. Clemency |
| 4 | Lindsi M. Weber |
| | Gallagher & Kennedy PA |
| 5 | 2575 E. Camelback Rd. |
| | Phoenix, AZ 85016 |
| 6 | **Via Email: john.clemency@gknet.com** |
| | **Via Email: lindsi.weber@gknet.com** |
| 7 | Attorneys for Debtor |
| 8 | Dean M. Dinner |
| | Nussbaum Gillis & Dinner, P.C. |
| 9 | 14850 N. Scottsdale Road, Suite 450 |
| | Scottsdale, AZ 85254 |
| 10 | **Via Email: ddinner@ngdlaw.com** |
| | Attorneys for Unsecured Creditors Committee |
| 11 | of Dunlap Oil Company |
| 12 | EA SWEEN |
| | Attn: Linda Mack |
| 13 | 16101 West 78th Street |
| | Eden Prairie MN 55344 |
| 14 | **Via US Mail** |
| 15 | MSC Distributing Inc. |
| | Attn: Craig Stevenson |
| 16 | PO Box 1830 |
| | Phoenix, AZ 85001 |
| 17 | **Via US Mail** |
| 18 | Pepsi Cola Bottling Co. of Safford |
| | Attn: Karl Schade |
| 19 | PO Box 1076 |
| | Safford, AZ 85548 |
| 20 | **Via US Mail** |
| 21 | Larry Watson |
| | US Trustee's Office |
| 22 | 230 N. 1st Avenue, Suite 204 |
| | Phoenix, AZ 85003 |
| 23 | **Via Email: Larry.watson@usdoj.gov** |
| 24 | 20 largest unsecured creditors of |
| | Quail Hollow Inn, LLC as filed and |
| 25 | updated with the Court |
| | **Via US Mail** |
| 26 | |
| 27 | */s/ Kimberly A. Cox* |