**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262

Pat P. Lopez III
plopez@rllaz.com
State Bar No. 006918
Rebecca K. O'Brien
robrien@rllaz.com
State Bar No. 021954
Jeffrey G. Baxter
jbaxter@rllaz.com
State Bar No. 022343
Attorneys for Canyon Community Bank, N.A.

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| In re: | Chapter 11 Proceedings |
|---|---|
| DUNLAP OIL COMPANY, INC., | No. 4:12-bk-23252-BMW |
| QUAIL HOLLOW INN, LLC, | No. 4:12-bk-23256-BMW |
| Debtors. | (Jointly Administered) |
| Filing Applies to: | **CANYON COMMUNITY BANK'S MOTION TO DETERMINE VALUE OF INTEREST IN COLLATERAL PURSUANT TO 11 U.S.C. § 506** |
| DUNLAP OIL COMPANY, INC. | |
| QUAIL HOLLOW INN, LLC | |
| BOTH         X | |

Canyon Community Bank, N.A. ("CCB"), a secured creditor and party-in-interest, in the above cases of Dunlap Oil Company, Inc. ("Dunlap Oil") and Quail Hollow Inn, LLC ("QHI") (collectively, "Debtors"), hereby moves the Court for an entry of an order determining the value of its interest in the real property owned by Dunlap Oil, and securing CCB's claims against Debtors, pursuant to 11 U.S.C. §506(a) and Federal Rule of Bankruptcy Procedure 3012.

Further, CCB joins in the Motion to Determine Value of Interest in Collateral Pursuant to 11 U.S.C. §506 filed on February 6, 2013 at Docket [189] ("Pineda Motion") by

another secured creditor, Pineda Grantor Trust II ("Pineda"). CCB agrees with the statements of law contained in the Pineda Motion, and believes the same arguments are applicable to CCB.

Accordingly, CCB moves the Court to: (1) set a scheduling conference for the purpose of scheduling an evidentiary hearing on the valuation of CCB's secured claim and setting deadlines for the disclosure of witnesses and exhibits, including the exchange of expert witness reports, and for conducting discovery, preferably in conjunction with the hearings requested in the Pineda Motion; (2) that an evidentiary hearing be set in conjunction with the hearing requested in the Pineda Motion, to occur before or in conjunction with the hearing on confirmation of the Debtors' Joint Plan of Reorganization ("Plan").

This Motion is supported by the following Memorandum of Points and Authorities, the exhibits attached hereto and the papers and pleadings on file, all of which are incorporated herein by this reference.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. FACTUAL BACKGROUND

On or about November 30, 2006, Dunlap Oil and Truck Plaza Café, which has since merged into Dunlap Oil, entered into a Loan Agreement with Plaintiff, wherein Plaintiff agreed to lend Dunlap Oil $8,000,000 ("Loan"), evidenced by that Promissory Note dated contemporaneously with the Loan Agreement ("Note A").

On or about January 2, 2011, Dunlap Oil failed to make certain payments, and perform certain obligations under the Loan and Note A in breach of the obligations thereunder. As a result of such breaches by Dunlap Oil, CCB, Dunlap Oil and QHI, executed that certain Forbearance and Modification Agreement dated August 17, 2011 ("Forbearance Agreement"). As part of the Forbearance Agreement, QHI agreed to become an additional borrower under the Loan and Note A and Dunlap Oil acknowledged and agreed that they had committed several defaults thereunder.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

As part of the Forbearance Agreement, Dunlap Oil and QHI agreed to and executed that certain Promissory Note dated August 17, 2011, in the principal amount of $56,272.66 together with the costs and expenses, including appraisal fees and reasonable attorneys' fees and expenses incurred in connection with the negotiation and drafting of the Forbearance Agreement ("Note B"). Note B consisted of the unpaid interest on Note A accrued from April 1, 2011 to June 30, 2011, to bear interest at the same rate of interest under Note A, compounded annually on June 30 of each year. The Forbearance Agreement also called for the execution by the Debtors of a Security Agreement securing Note A and Note B (collectively, the "Notes") against the rolling stock of the Debtors. The rolling stock consists of the vehicles and trailers owned by the Debtors and used in the operation of the Debtors' business.

As of October 24, 2012, the date on which the Debtors filed their petitions, the combined outstanding balances of the Notes was $6,548,465.31. CCB timely filed proofs of claim in each of the Debtor's Bankruptcy cases: Case No. 4:12-bk-23252, Claim Register Nos. 45 (Note A) and 46 (Note B); Case No. 4:12-bk-23256, Claim Register Nos. 4 (Note A) and 5 (Note B).

The indebtedness owed to CCB by Debtors is secured by deeds of trust on certain real property owned, and one property leased, by the Debtors, which real property consists of four gas station/convenience stores and their adjacent commercial rental space, currently occupied by an auto parts store, a body shop and a Dairy Queen Restaurant and certain parcels of vacant land adjacent to certain of the gas stations. The indebtedness is also secured by the rolling stock of the Debtors.

II.  AUTHORITY

As stated in the Pineda Motion, 11 U.S.C. § 506(a) treats an allowed claim of a creditor secured by a lien on property in which the estate has an interest as a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property and as an unsecured claim for the additional amount. As the Pineda Motion further points

out – Bankruptcy Rule 3012 allows the Court to determine the value of a creditor's secured claim after a hearing on notice. For the same reasons provided in Section II of the Pineda Motion, which CCB incorporates herein, CCB requests the Court utilize the "fair value" methodology as detailed in *In re Arnold & Baker Farms*, 177 B.R. 648, 668 (B.A.P. 9th Cir. 1994) *aff'd* 85 F.3d 1415 (9th Cir. 1996), to determine the fair value of CCB's claims.

III. VALUATION

CCB obtained appraisals of the real property securing its claims in February 2012, and the rolling stock in September 2011. Copies of the various appraisals were provided to counsel for the Debtors on January 11, 2013. CCB has retained appraisers who are currently conducting additional appraisals, in cooperation with representatives of the Debtors. CCB reserves the right to supplement this information, and present the updated appraisals at any hearing concerning this matter.

The values Debtors include in their Disclosure Statement come from older appraisals, dated January 2011, which CCB also provided to Debtors' counsel on January 11, 2013, or are the self-serving opinion of value of the management of Debtor. CCB's 2012 appraisal values also assume that the unpaid tax amounts have been paid, and so to get a true value based on the February 2012 Appraisals, the outstanding tax amounts must be deducted from the values.

| Property | Debtors' Value | Appraised Value (February 2012) | Tax Liens | Interest Value (February 2012) |
|---|---|---|---|---|
| 171 W. Continental | $3,030,000.00* | $2,935,000.00* | $122,357.00 | $2,812,643.00 |
| 1051 W. Beta | $2,850,000.00* | $2,835,000.00* | $168,426.00 | $2,666,574.00 |
| 61 W. Esperanza | $385,000.00 | $300,000.00 | $38,489.00 | $0[1] |
| 971 E. White Mtn. Blvd. | $850,000.00 | $660,000.00 | $37,725.00 | $622,275.00 |
| **TOTALS:** | **$7,115,000.00** | **$6,730,000.00** | **$366,997.00** | **$6,101,492.00** |

---

[1] Debtors have abandoned this leased property and have stopped paying the lease payments. Debtor's draft Plan calls for this property to be returned to the Landlord.

\* Includes value for adjacent vacant lot.

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

4

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Debtors ignore the more recent appraisals provided to them in favor of appraisals indicating a higher value, which are more than 2 years old. Additionally, CCB's preliminary 2013 appraisals indicate that the real properties' condition and value have substantially deteriorated.

### III. CONCLUSION

For the preceding reasons, CCB respectfully requests that: (1) the Court set a scheduling conference for the purpose of setting an evidentiary hearing to determine the value of CCB's secured claim under 11 U.S.C. § 506(a) with respect to its collateral for the indebtedness owed to CCB by Debtors; (b) that the final evidentiary hearing under the § 506(a) be set before or in conjunction with the hearing on confirmation of the Plan; and (c) the Court grants such other and further relief as it deems just and appropriate under the circumstances.

DATED this 8th day of February, 2013.

RUSING LOPEZ & LIZARDI, P.L.L.C.

s/ Pat P. Lopez III
Pat P. Lopez, III
Rebecca K. O'Brien
Jeffrey G. Baxter
Attorneys for Canyon Community Bank, N.A.

### CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing, and additionally mailed copies to the following ECF registrants:

**JOHN R. CLEMENCY**
LINDSI M. WEBER
GALLAGHER & KENNEDY, P.A.
2575 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
*Attorneys for Debtors*

**LARRY LEE WATSON**

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1  OFFICE OF THE U.S. TRUSTEE
2  230 NORTH FIRST AVENUE, SUITE 204
   PHOENIX, AZ 85003-1706
3  *Attorney for U.S. Trustee*

4  **SALLY M. DARCY**
   MCEVOY DANIELS & DARCY, PC
5  4560 E. CAMP LOWELL DR.
   TUCSON, AZ 85712
6  *Attorney for Debtor Quail Hollow Inn, LLC*

7
   **DEAN M. DINNER**
8  NUSSBAUM GILLIS & DINNER, PC
   14850 N. SCOTTSDALE ROAD, SUITE 450
9  SCOTTSDALE, AZ 85254
10 *Attorney for the Unsecured Creditors Committee*

11
   **COPY** of the foregoing served via U.S. Mail
12 this 8th day of February 2013 to:

13 Quail Hollow Inn, LLC
14 759 S. Haskell
   Willcox, AZ 85643
15
16 Dunlap Oil Company
   759 S. Haskell
17 Willcox, AZ 85643

18 EA SWEEN
19 Attn: Linda Mack
   16101 West 78th Street
20 Eden Prairie MN 55344

21
   MSC Distributing Inc.
22 Attn: Craig Stevenson
   PO Box 1830
23 Phoenix, AZ 85001

24
   Pepsi Cola Bottling Co. of Safford
25 Attn: Karl Schade
   PO Box 1076
26 Safford, AZ 85548

27
28 20 largest unsecured creditors of

1 | Quail Hollow Inn, LLC as filed and updated with the Court
2 |
3 | s/ Sara M. Moore

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800