JOHN S. LEONARDO
United States Attorney
District of Arizona
DENISE ANN FAULK
Assistant U.S. Attorney
State Bar No. 12700
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: (520) 620-7300
Email: denise.faulk@usdoj.gov
Attorneys for United States

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| In re | Chapter 11 |
|---|---|
| DUNLAP OIL COMPANY, INC., | Case No. 4:12-BK-23252-BMW |
| QUAIL HOLLOW INN, LLC, | Case No. 4:12-BK-23526-BMW |
| Debtors, | **OBJECTION OF THE UNITED STATES TO CONFIRMATION OF FIRST AMENDED PLAN OF REORGANIZATION DATED FEBRUARY 14, 2013** |
| This filing applies to: | |
| DUNLAP OIL COMPANY, INC., | |
| | Date: April 17, 2013<br>Time: 10:30 a.m.<br>Place: Tucson, 38 S. Scott Ave, Courtroom 329 |

Now comes the United States of America, Internal Revenue Service ("Service"), by and through its attorneys undersigned, and respectfully requests that this Court deny confirmation of the Debtors' First Amended Plan of Reorganization dated February 14, 2013. This Objection is supported by following:

1. The Service has filed a Proof of Claim for Dunlap Oil Company, Inc. ("Debtor's") outstanding income and employment taxes consisting of a secured claim in the amount of $295,454.77, an unsecured priority claim of $266,319.97 and a general unsecured claim of $33,991.06. A copy of Amendment No. 2 to the Service's Proof of Claim is attached as Exhibit A.

2. The secured claim is secured by all of Debtor's personal property located in Arizona and all of Debtor's real property located in Cochise County, Arizona, which includes real property in Willcox, Bisbee, Sierra Vista and Benson. *Id.*

3. In addition, the Service has an administrative claim in the amount of $6,805.67, for Debtor's post-petition employment tax obligations. A copy of the Request for Payment of Internal Revenue Taxes is attached as Exhibit B.

4. The Debtor's income tax liability for the year 2011 and unemployment tax liability for 2012 have been estimated due to the Debtor's failure to file tax returns for these periods. Further, the estate has not filed an income tax return for the year 2012.

5. Until the tax returns are filed, the Service is not able to accurately compute the correct amount of its claim or determine whether the proposed plan is feasible.

6. The Plan fails to provide for payment of the Service's secured claim with interest as is required by 11 U.S.C. § 1129(b)(2)(A)(i)(II). The Debtor's schedules indicate equity in property exceeding the $18,503 that is provided for the Service's secured claim in Article VII, § 7.1.b.

7. The Service objects to Article V, § 5.2 to the extent that it requires the Service to file a claim for the estate's post-petition tax liabilities.

8. Article V, § 5.3 provides that the priority tax claims will receive interest at an appropriate rate to be determined under 11 U.S.C. § 511. That section requires that the rate of interest for payment of interest on a tax claim or on an administrative expense tax, or the payment of interest to enable a creditor to receive the present value of the allowed amount of a tax claim, shall be the rate determined under applicable nonbankruptcy law. The applicable interest rate for federal tax claims is set forth in I.R.C. §§ 6621 and 6622. The current interest rate is 3% compounded daily for underpayments and 5% compounded daily for large corporate underpayments.

9. The plan contains inadequate default provisions. In Article V, § 5.3, the Plan addresses the taxing agencies' remedies should there be a default with respect to payments for unsecured priority claims. There are no similar provisions setting forth the

- 2 -
Case 4:12-bk-23252-BMW    Doc 254    Filed 04/05/13    Entered 04/05/13 11:15:35    Desc
Main Document    Page 2 of 3

Service's remedies should the Debtor fail to make payments due with respect to the Service's secured claim.

10. All payments due under the plan should be mailed to the Internal Revenue Service, 4041 N. Central Ave., Mail Stop 5014PHX, Phoenix AZ, 85012, Attn: Linda Kittrell.

11. For these reasons, the proposed treatment of the Service's claim under the plan is unacceptable.

For the foregoing reasons, the United States respectfully requests that this Court deny confirmation of the First Amended Plan of Reorganization dated February 14, 2013.

RESPECTFULLY SUBMITTED: April 5, 2013.

JOHN S. LEONARDO
United States Attorney
District of Arizona

*s/Denise Ann Faulk*
DENISE ANN FAULK
Assistant U.S. Attorney

Original of the foregoing filed
electronically on April 5, 2013 with:

United States Bankruptcy Court
District of Arizona
Tucson Division

Copy of the foregoing served
*via* e-mail on April 5, 2013, to:

John R. Clemency
GALLAGHER & KENNEDY PA
Email: john.clemency@gknet.com

Larry Lee Watson
OFFICE OF THE U.S. TRUSTEE
Email: larry.watson@usdoj.gov

s/ *Lisa Startup*
/Plan Objection