**RUSING LOPEZ & LIZARDI, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800
Facsimile: (520)529-4262

Pat P. Lopez III
plopez@rllaz.com
State Bar No. 006918
Rebecca K. O'Brien
robrien@rllaz.com
State Bar No. 021954
Jeffrey G. Baxter
jbaxter@rllaz.com
State Bar No. 022343
Attorneys for Canyon Community Bank, N.A.

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings<br>No. 4:12-bk-23252 |
| DUNLAP OIL COMPANY, INC., | |
| QUAIL HOLLOW INN, LLC, | No. 4:12-bk-23256 |
| Debtors. | (Jointly Administered) |
| Filing Applies to: | **CANYON COMMUNITY BANK'S RESPONSE TO DEBTOR'S NOTICE OF CREDIT COMMITMENT AND UPDATE REGARDING CANYON COMMUNITY BANK'S MOTION TO COMPEL DEBTORS TO PROVIDE MONTHLY OPERATING REPORTS** |
| DUNLAP OIL COMPANY, INC. | |
| QUAIL HOLLOW INN, LLC | |
| BOTH                    X | |

Canyon Community Bank, N.A. ("CCB"), a secured creditor in the above captioned Chapter 11 cases, through counsel undersigned, hereby files this Response to the Debtors' Notice of Credit Commitment and Update Regarding Canyon Community Bank's Motion to Compel Debtors to Provide Monthly Operating Reports [Dkt. 380] ("Notice").

In its Notice, the Debtors make several allegations which are untrue and which also are disingenuous. First, in its Motion and Reply, CCB did not allege that the June and July Operating Reports were the only information the Court should use in making its decisions. Instead, they were stated as additional information that would assist the Court in

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

determining whether Debtors' projections and Plan were feasible; and further, whether the financial reports demonstrated the improvements to their bottom line they claimed would result from shutting down its "unprofitable" locations. CCB still contends that the June and especially July Operating Reports will demonstrate this one way, or the other.

As to Debtors' contention that the Operating Reports won't be assistive because of single, one-time transition expenses associated with the turnover of the stations and the bankruptcy, Debtors can easily show the closing expenses as separate one-time expenses, and it is in fact common under Generally Accepted Accounting Principles ("GAAP") to either footnote unusual income or expenses or to separately categorize such expenses, so that those reviewing the financial statements get a fair picture of the results of ongoing operations, as compared to extraordinary items. If Debtors comply with GAAP, the Court could easily see for itself if the operations, without the one-time expenses, are in line with the projections. Since Debtors have yet to complete their Operating Reports, this should be an easy thing for Debtors to include.

It should also be noted that the Plan did not provide for any transition expenses. Therefore, admitting that such expenses were incurred demonstrates the incompleteness of Debtors' Plan. Further, knowing what those expenses were is important to assessing the feasibility of the Plan. If these expenses exceed the projected operating surplus provided for in the first year of the Plan, it is clear that the Plan cannot meet its first year projects, or pay the related expenses. This is also further evidence of just what Mark Farr testified to, which was that the Plan fails to account for all of Debtors' expenses, and that the Plan projections are not a fair estimate of Debtors' actual costs associated with the Plan.

In this day and age of computers, it is inconceivable that it will take Debtors three weeks (from August 26, the date Mr. Martin was scheduled to return, to September 13, the date Debtors claim the Operating Reports will be ready) to produce their financials. Also, Debtors knew Mr. Martin was going on vacation. They are now delinquent in filing two months of reports, and unless they file their August reports with their June and July reports, will be delinquent on three months of Operating Reports. CCB finds it unlikely Mr. Martin

2

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

was on vacation for two months, and surely could have at least filed the June Operating Reports prior to leaving for his vacation. Debtors' performance in the last two months will inform the Court on more than just the reasonableness of Debtors' projections. It will advise the Court as to:

a. Debtors' cash position. Operating cash availability is critical for any business, and without it, a business cannot function. This was acknowledged by Debtors' expert. This is one piece of information that could be helpful to the Court in making its determination.

b. Debtors' merchandise inventory. Debtors' projections relied on both gas and merchandise sales to generate the needed income called for in the Plan. Debtors' merchandise inventory has dropped dramatically during the course of the bankruptcy and Debtors cannot realize merchandise sales without inventory. Therefore, determining if Debtors have replaced its inventory is critical in assessing the feasibility of the Plan. Debtors have not provided evidence of merchandise inventory financing, only fuel inventory financing. Without merchandise on hand, cash on hand to buy merchandise, or merchandise financing, Debtors' own expert has testified that the Plan is not feasible. Therefore, it is essential for the Court to determine if Debtors have the merchandise or cash on hand necessary to execute on the Plan.

c. Payment of priority obligations. Review of the financial statements will allow the Court to determine whether or not Debtors have been paying priority and other obligations, such as employment taxes. If Debtors' unfunded liabilities have increased, it is more evidence of the futility of Plan confirmation.

In the Notice, Debtors claim that the two line letter from Jackson Oil's president is sufficient to demonstrate that it has all necessary financing in place to allow it to comply with Plan projections. However, the letter from Jackson Oil doesn't spell out the terms of the credit. All it does is state, in its entirety:

/ / /

/ / /

3

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1    Upon confirmation of Dunlap Oil Company's re-organization plan,
2  Jackson Oil Company will agree to extend Dunlap Oil Company three (3) day
   credit terms on all fuel purchases.

3    Jackson Oil Company will continue to monitor and review these credit
4  terms every 180 days.

5  A typical credit agreement is many pages long and contains many restrictions and

6  limitations. Debtors should be required to provide a draft of the financing agreement for the

7  Court and creditors to evaluate. The two sentences provided by Jackson Oil offer no

8  meaningful understanding of one of the two credit arrangements that Debtors' own expert

9  admits is critical for the success of the Plan. Creditors have already lost millions of dollars,

10  and are being asked to forego their right to immediately recover millions more, because the

11  Debtors claim they can sell more than $30 million in fuel each year and start turning a

12  profit. Debtors admit that to meet this projection it must have financing, and it is asking the

13  Court and its creditors to trust two sentences as evidence that it will be able to finance over

14  $160,000,000 in fuel sales over the next five years. It is certainly reasonable to expect

15  Debtors to provide more details than two sentences with regard to such a critical matter, and

16  in connection with such a major financial arrangement.

17    We also know that Debtors are only receiving three days of credit. Thus, Debtors

18  will need to be able to account for, process, and pay Jackson Oil in three days, or face

19  restrictions or termination of its essential fuel inventory. The letter provided by Debtors

20  does not include what those standards are that apply. How will Debtors be able to sell,

21  process payments, account for and repay Jackson Oil in three days if it takes them nearly

22  three months to provide Operating Reports to the Court? If Debtors can operate under such

23  a tight turnaround, they certainly should be able to provide the Court their delinquent

24  financial information timely.

25  / / /

26  / / /

27  / / /

28  / / /

Case 4:12-bk-23252-BMW   Doc 381   Filed 09/05/13   Entered 09/05/13 15:32:01   Desc
Main Document   Page 4 of 7

DATED this 5th day of September, 2013.

RUSING LOPEZ & LIZARDI, P.L.L.C.

s/ Pat P. Lopez III
Pat P. Lopez, III
Rebecca K. O'Brien
Jeffrey G. Baxter
Attorneys for Canyon Community Bank, N.A.

**ORIGINAL** of the foregoing filed via the CM/ECF
Electronic Notification System and transmittal of a
Notice of Electronic Filing provided to all parties
that have filed a notice of appearance in the Bankruptcy Case.

**COPY** of the foregoing served via email
this 5th day of September 2013 to:

John R. Clemency
Lindsi M. Weber
Gallagher & Kennedy PA
2575 E. Camelback Rd.
Phoenix, AZ 85016
john.clemency@gknet.com
lindsi.weber@gknet.com
Attorneys for Debtor

Dean M. Dinner
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road, Suite 450
Scottsdale, AZ 85254
ddinner@ngdlaw.com
Attorneys for Unsecured Creditors Committee
of Dunlap Oil Company

Larry L. Watson
Office of the US Trustee
230 N. First Avenue, #204
Phoenix, AZ 85003
Larry.watson@usdoj.gov

**Rusing Lopez & Lizardi, P.L.L.C.**
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800

1    Terry Bannon
2    Office of Cochise County Attorney
     PO Drawer CA
3    Bisbee, AZ 85603
     tbannon@cochise.az.gov
4    kaguilar@cochise.az.gov
     Attorneys for Marsha Bonham
5

6    John Barrett
     DeConcini McDonald Yetwin & Lacy PC
7    2525 E. Broadway, #200
     Tucson, AZ 85716
8    jbarrett@dmyl.com
9    Attorneys for Tucson Truck Terminal

10   David Wm. Engleman
11   Bradley D. Pack
     Engelman Berger, P.C.
12   3636 North Central Avenue, Suite 700
     Phoenix, Arizona 85012
13   Attorneys for Pineda Grantor Trust II
14   dwe@eblawyers.com
     bdp@eblawyers.com
15   Attorneys for Pineda Grantor Trust II

16
     Wayne L. Gardner
17   Gunderson Denton & Peterson PC
     1930 N. Arboleda, #201
18   Mesa, AZ 85213
19   Wayne@GundersonDenton.com
     Attorneys for Trejo Oil Co., Inc.
20

21   Alan R. Solot
     2701 E. Speedway, #203
22   Tucson, AZ 85716
23   arsolot@gmail.com
     Attorneys for Cox Investment Group LLC and
24   William & Cheryl Cox

25   Larry K. Udall
26   Curtis Goodwin Sullivan Udall & Schwab
     501 E. Thomas Rd.
27   Phoenix, AZ 85012
     ludall@cgsuslaw.com
28   Attorneys for Navopache Electric Cooperative Inc.

6

1  King Grant Winston
2  Pima County Attorneys' Office
   32 N. Stone Ave., #2100
3  Tucson, AZ 85701
   pcaocvbk@pcao.pima.gov
4  Attorneys for Pima County

5  Eli Golob
   Assistant Attorney General
6  1275 W. Washington, Site Code 040A
   Phoenix, Arizona 85007
7  DESGeneralCounselPHX@azag.gov

8  s/ Sara M. Moore
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Rusing Lopez & Lizardi, P.L.L.C.
6363 North Swan Road, Suite 151
Tucson, Arizona 85718
Telephone: (520) 792-4800