John R. Clemency (Bar No. 009646)
Lindsi M. Weber (Bar No. 025820)
**GALLAGHER & KENNEDY, P.A.**
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone: (602) 530-8000
Facsimile: (602) 530-8500
Email: john.clemency@gknet.com
lindsi.weber@gknet.com
*Attorneys for Debtors*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 Proceedings |
| DUNLAP OIL COMPANY, INC., | Case No. 4:12-bk-23252-BMW |
| QUAIL HOLLOW INN, LLC, | Case No. 4:12-bk-23256-BMW |
| Debtors. | (Jointly Administered) |
| Filing applies to:<br>DUNLAP OIL COMPANY, INC. ☒<br>QUAIL HOLLOW INN, LLC ☐<br>BOTH ☐ | **MOTION FOR ORDER APPROVING SALE OF EQUIPMENT OUTSIDE OF THE ORDINARY COURSE OF BUSINESS** |

Dunlap Oil Company, Inc. ("DOC" or the "Debtor") hereby moves the Court pursuant to 11 U.S.C. §§ 105 and 363 of the United States Bankruptcy Code (the "Bankruptcy Code"), Rules 2002, 6004, and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 6004-1 of the Local Rules of Bankruptcy Procedure (the "Local Rules") to approve the sale of the following personal property (surplus fuel trucks and trailers) owned by DOC, at the following prices (which meet or exceed the values stipulated to by DOC and CCB):

| | Year | Model | Size | Vin | Type | ID# | Price |
|---|---|---|---|---|---|---|---|
| AZ | 1995 | BEALL | 9500 GALL | 1BN2M4227SB004114 | Trailer | 14 | $35,000 |
| AZ | 2001 | BEALL | 9500 GALL | 1BN2T42221T020555 | Trailer | 22 | $42,000 |
| AZ | 2005 | BEALL | 9500 GAL | 1BN2T42265B007657 | Trailer | 17 | $54,750 |
| AZ | 2005 | BEALL | 9500 GAL | 1BN2T422X5B007659 | Trailer | 15 | $54,750 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| AZ | 1999 | PETERBILT | | 1XP5DU9X2XD505220 | Truck-Tractor | 21 | $15,500 |
| AZ | 2003 | KENWORTH | | 1XKWDB9X83R386648 | Truck-Tractor | 32 | $27,000 |
| AZ | 2002 | PETERBILT | | 1XP5DU9X12D586137 | Tractor | 28 | $19,000 |
| AZ | 2005 | Peterbilt | 385 | 1XPGDU9XX5D879810 | Tractor | 7 | $32,000 |
| | | | | | Total: | | $280,000 |

(collectively, the "Equipment"). A copy of the appraisal obtained by CCB setting forth the values stipulated to by CCB and the Debtors is attached as Exhibit "A". In further support of the Motion, DOC states as follows:

**JURISDICTION**

1. On October 24, 2012 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. The Debtors continue to operate their businesses and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code. An Official Committee of Unsecured Creditors was appointed in the DOC Case on or about November 28, 2012. No trustee or examiner has been appointed.

2. This Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. § 1409(a).

3. The statutory predicates for the relief requested are Bankruptcy Code §§ 105 and 363, Bankruptcy Rules 2002, 6004, and 9014, and Local Rule 6004-1.

**FACTUAL BACKGROUND**

4. Dunlap is a domestic corporation located in Willcox, Arizona.

5. Dunlap's primary business is the sale of fuel and oil through various gas station locations throughout Arizona.

6. Prepetition, DOC acquired the Equipment for use in conducting its business.

7. As of the date of this Motion, DOC no longer requires the use of the Equipment and desires to sell, outside of the ordinary course of its business, the Equipment to a proposed buyer – Jackson Oil.

2

8. Canyon Community Bank ("CCB") asserts a lien interest in the Equipment. Cochise County (the "County") may also claim an interest in the personal property of DOC, including the Equipment, for unpaid personal property taxes.

**TERMS OF THE SALES AND RELIEF REQUESTED**

9. Pursuant to this Motion, DOC seeks an order authorizing it to sell the Equipment to Jackson Food Stores, Inc. d/b/a Jackson Oil ("Jackson") for a total purchase price of $280,000.

10. DOC also hereby requests that the sale of the Equipment be made free and clear of all claims and interests pursuant to § 363(f) and with all of the protections afforded "good faith" purchasers within the meaning of § 363(m).

11. The liens of the County and CCB will attach to the proceeds of the Sale, and the proposed distribution of the proceeds to the County and CCB is as follows: The County will receive payment in the amount of $2,595.20 pursuant to its Proof of Claim relating to personal property as filed in this Case (Claims Dkt. #4), and CCB will receive the remaining proceeds (estimated at approximately $277,000).

12. Counsel for the Debtors has consulted with counsel for the County and CCB, and has not yet received a final answer regarding their consent to the proposed sale on these terms.

**BASIS AND AUTHORITY FOR RELIEF REQUESTED**

**DOC Has Exercised Sound Business Judgment With Regard to the Proposed Sale.**

Section 363(b)(1) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 363 of the Bankruptcy Code does not set forth a standard for determining when it is appropriate for a court to authorize the sale or disposition of a debtor's assets prior to confirmation of a plan. However, courts have required that the decision to sell assets outside the ordinary course of business be based upon the sound business judgment of the debtor. *See In re Chateaugay Corp.,* 973 F.2d 141, 144–45 (2d Cir.1992) (finding that §

363(b) was applicable because sound business judgment supported the sale of assets); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.),* 722 F.2d 1063, 1072 (2d Cir.1983) (holding that the application of § 363(b) must be supported by "some articulated business justification, other than appeasement of major creditors" and that "a judge determining a § 363(b) application [must] expressly find from the evidence presented before him at the hearing a good business reason to grant such an application"); *In re Global Crossing Ltd.,* 295 B.R. 726, 743 (Bankr.S.D.N.Y.2003) (citing *Lionel Corp*, 722 F.2d at 1071) (emphasizing the business judgment standard); *Dai-Ichi Kaugvo Bank, Ltd. v. Montgomery Ward Holding Corp., (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999).

The "sound business judgment" test requires a debtor to establish four elements in order to justify the sale or lease of property outside the ordinary course of business, namely, (a) that a "sound business purpose" justifies the sale of assets outside the ordinary course of business, (b) that adequate and reasonable notice has been provided to interested persons, (c) that the debtor has obtained a fair and reasonable price, and (d) good faith. *See In re Abbotts Dairies of Pennsylvania, Inc. (Abbotts Dairies)*, 788 F.2d 143, 147 (3d Cir. 1986); *Titusville Country Club v. Peenbank (In re Titusville Country Club)*, 128 B.R. 396, 399 (Bankr. W.D. Pa. 1991); *In re Sovereign Estates, Ltd.*, 104 B.R. 702, 704 (Bankr. E.D. Pa. 1989). A showing of sound business judgment need not be unduly exhaustive but, rather, a debtor is "simply required to justify the proposed disposition with sound business reasons." *In re Baldwin United Corp.*, 43 S.R. 888, 906 (Bankr. S.D. Ohio 1984). Whether or not there are sufficient business reasons to justify a transaction depends upon the facts and circumstances of each case. *Lionel*, 722 F.2d at 1071; *see, e.g., Montgomery Ward*, 242 B.R. at 155 (approving funding of employee incentive and severance program; business purpose requirement fulfilled because stabilizing turnover rate and increasing employee morale were necessary to successful reorganization).

4

Case 4:12-bk-23252-BMW    Doc 419    Filed 11/08/13    Entered 11/08/13 15:30:20    Desc
Main Document    Page 4 of 14

1    DOC submits that ample business justification exists to sell the Equipment in accordance with this Motion because DOC is no longer using the Equipment. Among other reasons to sell the Equipment, more efficient models are available to DOC if the need arises in the future for similar transport and trailer devices. Consequently, DOC has no current use for the Equipment. Additionally, the sale described in this Motion is designed to be cost effective, will bring cash into the bankruptcy estate, and will relieve DOC from the burden and expense of storing and maintaining the Equipment. Accordingly, DOC submits that the proposed sale satisfies the "sound business purpose" prong of the sound business judgment test.

In accordance with Local Rules 2002-1 and 6004-1, creditors and parties in interest will receive notice of the sale and will be provided with an opportunity to be heard. DOC submits that such notice is adequate for approval of the sale and satisfies the requisite notice provisions required under § 363(b) of the Bankruptcy Code and the second prong of the sound business judgment test.

DOC also submits that the proposed consideration received for the Equipment is fair and reasonable. Due to the nature the Equipment, a higher and better offer is unlikely if the property were sold by public auction. The prices are further supported by the appraisal commissioned by CCB and submitted in connection with the confirmation proceedings. *See* Exhibit "A". The Equipment is second-hand and outdated. Consequently, the third prong of the "sound business judgment" test is also satisfied.

Finally, as set forth above, the sale agreement was negotiated in good faith by DOC. To constitute lack of good faith, a party's conduct in connection with the sale must usually amount to "fraud, collusion between the purchaser and other bidders or the trustee or an attempt to take grossly unfair advantage of other bidders." *Abbotts Dairies,* 78 F.2d at 147 (citing *In re Rock Indus. Mach. Corp.*, 572 F.2d 1195, 1198 (7th Cir. 1978)). Due to the absence of a bright line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." *In re Pisces Leasing Corp.*, 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting *In*

5

*re Rock Indus. Mach. Corp.*, 572 F.2d at 1998). Here, there is no evidence of collusion. The Equipment is being sold for value (as supported by CCB's own appraisals) and at arm's length. Thus, the fourth and final prong of the "sound business judgment" test is satisfied, and DOC respectfully requests that the Court approve the sale of the Equipment pursuant to § 363(b).

### **Section 363(m) Protections Are Appropriate.**

DOC also requests that the Court find that Jackson is entitled to the benefits and protections provided by § 363(m) of the Bankruptcy Code in connection with the sale. Section 363(m) of the Bankruptcy Code provides, in pertinent part:

> The reversal or modification on appeal of an authorization under subsection (b) ... of this section of a sale ... of property does not affect the validity of a sale . . . under such authorization to an entity that purchased ... such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale . . . were stayed pending appeal.

Section 363(m) of the Bankruptcy Code thus protects the purchaser of assets sold pursuant to § 363 of the Bankruptcy Code from the risk that it will lose its interest in the purchased assets if the order allowing the sale is reversed on appeal.

As required by § 363(m) of the Bankruptcy Code, the sale of the Equipment has been proposed in good faith. Although the Bankruptcy Code does not define "good faith purchaser," courts, construing § 363(m) of the Bankruptcy Code, have stated that "the phrase encompasses one who purchases in 'good faith' and for 'value'." *Abbotts Dairies*, 788 F.2d at 147. For the same reasons set forth above, the proposed sales are made in good faith to Jackson. Under the circumstances, Jackson should be afforded the protections that § 363(m) of the Bankruptcy Code provides to a good faith purchaser.

### **Sale of Equipment Free and Clear of All Interests Under § 363(f) is Appropriate.**

Under § 363(f) of the Bankruptcy Code, a debtor-in-possession may sell all or any part of its property free and clear of any and all liens, claims or interests in such property if: (i) such a sale is permitted under applicable non-bankruptcy law; (ii) the party

6

Case 4:12-bk-23252-BMW    Doc 419    Filed 11/08/13    Entered 11/08/13 15:30:20    Desc
Main Document    Page 6 of 14

asserting such a lien, claim or interest consents to such sale; (iii) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (iv) the interest is the subject of a bona fide dispute; or (v) the party asserting the lien, claim or interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. § 363(f); *Citicorp Homeowners Serv. Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that § 363(f) of the Bankruptcy Code is written in the disjunctive; therefore, a court may approve a sale "free and clear" provided at least one of the subsections is met).

To the best of the Debtors' knowledge, CCB and the County are the only parties claiming an interest in the Equipment other than DOC. Courts have held that they have the equitable power to authorize sales free and clear of interests that are not specifically covered by § 363(f). *See In re Trans World Airlines, Inc.*, 2001 WL 1820325 at *3, 6 (Bankr. D. Del. March 27, 2001); *Volvo White Truck Corp. v. Chambersburg Beverage, Inc. (In re White Motor Credit Corp.),* 75 B.R. 944, 948 (Bankr. N.D. Ohio 1987). Therefore, DOC hereby requests that the Court authorize the sales of the Equipment free and clear of all claims and interests under § 363(f).

### **Request for Waiver of Rule 6004(h) Stay Period**

Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale, or lease of property ... is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." DOC requests that the order approving the Equipment sales be effective immediately by providing that the fourteen (14) day stay under Bankruptcy Rules 6004(h) is waived.

The purpose of Bankruptcy Rule 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. *See* Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Bankruptcy Rule 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, Collier suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where

7

there has been no objection to the procedure." 10 *Collier on Bankruptcy* 15th Ed. Rev., ¶ 6064.09 (1988). Furthermore, Collier provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to file such appeal. *Id.*

DOC hereby requests that the Court waive the fourteen-day stay period under Bankruptcy Rule 6004(h) or, in the alternative, if an objection to the sale is filed, reduce the stay period to the minimum amount of time needed by the objecting party to file its appeal.

## CONCLUSION

WHEREFORE, DOC respectfully requests that the Court enter an Order:

A. Granting this Motion in its entirety;

B. Authorizing the sale of the Equipment pursuant to Bankruptcy Code § 363, free and clear of all liens, claims, and interests;

C. Waiving the fourteen-day stay period under Bankruptcy Rule 6004(h); and

D. Granting DOC such other and further relief as the Court deems just.

A proposed form of order approving this Motion is attached as Exhibit "B."

RESPECTFULLY SUBMITTED this 8th day of November, 2013.

**GALLAGHER & KENNEDY, P.A.**

By: */s/ Lindsi M. Weber*
    John R. Clemency
    Lindsi M. Weber
    2575 E. Camelback Road
    Phoenix, Arizona 85016
    *Attorneys for Debtors*

COPIES of the foregoing were served
this 8th day of November, 2013 via
first-class, U.S. Mail, Email, and/or Facsimile
to the parties on the attached service list to the
Court's copy only.

By: */s/ Gloria Kannberg*

8

| | | |
|---|---|---|
| 3D Distribution<br>First Choice Distributing<br>4200 E. Broadway Road<br>Phoenix, AZ 85040 | Aetna<br>PO Box 894938<br>Los Angeles, CA 90189 | AFLAC<br>REMITTANCE PROCESSING CENTER<br>1932 WYNNTON ROAD<br>Columbus, GA 31999 |
| Ajen Distributing LLC<br>7010 Hot Desert Trail<br>Tucson, AZ 85743 | American Business Supplies<br>PO Box 7393<br>Mesa, AZ 85216 | American Express<br>PO Box 0001<br>Los Angeles, CA 90096 |
| Amerigas Tucson<br>2455 W. Wetmore Road<br>Tucson, AZ 85705 | ANS Distributing<br>3970 S. Evans Blvd.<br>Tucson, AZ 85714 | APS<br>PO Box 2907<br>Phoenix, AZ 85062 |
| Arizona Certified Testing<br>2703 S. Ladonna Lane<br>Sierra Vista, AZ 85650 | Arizona Department of Economic Security<br>1717 W. Jefferson, Room 119<br>Phoenix, AZ 85007 | Arizona Department of Revenue<br>c/o Tax, Bankruptcy, and Collection<br>1275 W. Washington Avenue<br>Phoenix, AZ 85007 |
| Arizona Ice King, Inc.<br>1825 W. Thatcher Blvd.<br>Safford, AZ 85546 | Arizona Restaurant Supply<br>6077 N. Travel Center Drive<br>Tucson, AZ 85741 | Arizona Water Company –<br>Sierra Vista<br>77 Calle Portal, B120<br>Sierra Vista, AZ 85635 |
| Bernard L. Magnussen<br>401 Burgess Dr. Ste. A<br>Menlo Park, CA 94025 | Besam Entrance Solutions<br>PO Box 827375<br>Philadelphia, PA 19182 | Brown Evans Distributing<br>PO Box 5840<br>Mesa, AZ 85211 |
| Butterfield Alvernon Owners<br>1100 N. Wilmot Ste. 200<br>Tucson, AZ 85712 | Canyon Community Bank<br>7981 N. Oracle Road<br>Tucson, AZ 85704 | Cardtronics<br>PO Box 4346<br>Dept. 364<br>Houston, TX 77210 |
| Carl's Towing Corp.<br>PO Box 802<br>Payson, AZ 85547 | Century Link<br>P.O. Box 29040<br>Phoenix, AZ 85038-9040 | Chase Card Member Service<br>P.O. Box 94014<br>Palatine, IL 60094-4014 |
| City of Benson<br>PO Box 2223<br>Benson, AZ 85602 | Chuck's Ref & Appliance Service<br>PO Box 1736<br>Show Low, AZ 85902 | City of Sierra Vista<br>P.O. Box 52413<br>Phoenix, AZ 85072-2413 |
| City of Bisbee<br>118 Arizona Street<br>Bisbee, AZ 85603 | City of Willcox<br>101 S. Railroad Ave. Ste B<br>Willcox, AZ 85643 | City of Tucson<br>PO Box 28804<br>Tucson, AZ 85726 |

Cochise County Treasurer
P.O. Box 1778
Bisbee, AZ 85603-2778

Coca Cola Bottling Company
P.O. Box 53158
Los Angeles, CA 90074-3158

Compass Bank
PO Box 2210
Decatur, AL 35699

Community Water
1501 S. LaCanada Drive
Green Valley, AZ 85622

Cox Family Trust
7450 N. Camino Sin Vacas
Tucson, AZ 85718

Contractors Bonding & Insurance
PO Box 9271
PXE0191191
Seattle, WA 98109

EA Sween Company
Attn: Linda Mack
16101 W. 78th Street
Eden Prairie, MN 55344

Dairy Maid Foods
PO Box 52453
Phoenix, AZ 85072

EA Glass
2711 W. US Hwy 70 Ste A
Thatcher, AZ 85552

Dware Sunglasses Corp.
111 E. Dunlap Ste 1-129
Phoenix, AZ 85020

Ernest Davisworth
3851 W. North Aire Place
Tucson, AZ 85741

Edward E. Havins Family Trust
P.O. Box 3894
Show Low, Arizona 85901

First Insurance Funding
PO Box 66468
Chicago, IL 60666

Farmers Bros.
3818 S. Evans Blvd.
Tucson, AZ 85714

Frito Lay Inc.
75 Remittance Drive Ste. 1217
Chicago, IL 60675

Franks Electrical LLC
PO Box 343
Clay Springs, AZ 85923

G. Neil Direct Mail Inc.
PO Box 451179
Fort Lauderdale, FL 33345

Frontier
2378 Wilshire Blvd.
Mound, MN 55364

Graham County Treasurer
P.O. Box 747
Safford, AZ 85548

Gila County Treasurer
1400 E. Ash Street
Globe, AZ 85501

Graves Propane Co.
1342 E. White Mountain
Pinetop, AZ 85935

Graham County Utilities Inc.
PO Box Drawer B
14434-5
Pima, AZ 85543

Grohall Inc.
255 E. Grant Road
Tucson, AZ 85705

Green Valley Plumbing Inc.
PO Box 1424
Green Valley, AZ 85622

HUB International Services
2375 E. Camelback Road
Suite 250
Phoenix, AZ 85016

Hostess Cake Interstate
IBC Interstate Brands Corp.
PO Box 108
Ogden, UT 84402

Jackson Oil Company
3450 Commercial Court
Meridian, ID 83642

Internal Revenue Service
Centralized Insolvency Operations
PO Box 21126
Philadelphia, PA 19114

Kenneth T & Carol Revocable Trust
759 S. Haskell
Willcox, AZ 85643

Kalil Bottling Co.
PO Box 26888
Tucson, AZ 85726

| | | |
|---|---|---|
| Lion Uniform Group<br>PO Box 643783<br>Cincinnati, OH 45264 | Lindsey Foods Inc.<br>PO Box 669<br>Safford, AZ 85548 | MCO Inc.<br>PO Box 459<br>Youngtown, AZ 85363 |
| McLane Co. Inc.<br>14149 W. McDowell Road<br>Goodyear, AZ 85395 | Mountain View Marketing<br>215 N. 1800 West<br>Lindon, UT 84042 | Mike's Refrigeration<br>PO Box 544<br>Tombstone, AZ 85638 |
| Muzak Business Music Inc.<br>PO Box 2568<br>Amarillo, TX 79105 | MSC Distributing Inc.<br>Attn: Craig Stevenson<br>PO Box 1830<br>Phoenix, AZ 85001 | Navajo County Treasurer's Office<br>100 East Code Talkers Drive<br>South Highway 77 - P.O. Box 668<br>Holbrook, AZ 86025 |
| Nationwide Agribusiness<br>Farmland Insurance Corp.<br>PO Box 10491<br>Des Moines, IA 50306 | Northland Premier Distributors<br>PO Box 42019<br>Mesa, AZ 85274 | Navopache Electric Cooperative<br>1878 W. White Countain Blvd.<br>Lakeside, AZ 85929 |
| Old Pueblo Septic & Drain Inc.<br>6955 Camino Martin #108<br>Tucson, AZ 85741 | Nuco 2<br>PO Box 252352<br>Stuart, FL 34995 | Pepsi<br>PO Box 75693<br>Chicago, IL 60675 |
| Paul Oil Company<br>PO Box 248<br>524 N. Sierra Ave.<br>Oakdale, CA 95361 | Pepsi Cola Show Low<br>4980 E. Railhead Ave.<br>Flagstaff, AZ 86004 | Pepsi Cola Bottling Company<br>Attn: Karl Schade<br>PO Box 1076<br>Safford, AZ 85548 |
| Jonathan M. Saffer<br>Snell & Wilmer L.L.P.<br>One S. Church Ave., Suite 1500<br>Tucson, AZ 85701-1630 | Pima County Treasurer's Office<br>115 North Church Avenue<br>Tucson, AZ 85701 | Pinnacle<br>201 E. Abram Street<br>Arlington, TX 76010 |
| Pinetop Water<br>Community Facilities District<br>PO Box 87<br>Pinetop, AZ 85935 | Prudential Overall Supply<br>PO Box 11210<br>Santa Ana, CA 92711 | Pitney Bowes<br>PO Box 856042<br>Louisville, KY 40285 |
| Quill Corporation<br>PO Box 37600<br>Philadelphia, PA 19101 | Quail Hollow Inn, LLC<br>759 S. Haskell<br>Willcox, AZ 85643 | Revenue Discovery Systems<br>2317 Third Ave North Ste 200<br>Birmingham, AL 35203 |
| Reddy Ice Corporation<br>PO Box 730505<br>Dallas, TX 75373 | Saguaro Environmental Services Inc.<br>PO Box 78829<br>Phoenix, AZ 85062 | Rural Metro Fire Department<br>490 W. Magee Road<br>Tucson, AZ 85704 |

| | | |
|---|---|---|
| Smith Maps & Paper<br>333 Durian Street<br>Vista, CA 92083 | Shamrock Foods<br>2228 N. Black Canyon Hwy.<br>Phoenix, AZ 85009 | Swire Coca Cola<br>Swire Pacific Holdings<br>PO Box 1625<br>Draper, UT 84020 |
| Southwest Gas Corp.<br>P.O. Box 98890<br>Las Vegas, NV 89150-0101 | Thatcher Municipal Utilities<br>P.O. Box 670<br>Thatcher AZ 85552 | Terminix Pest Control Inc.<br>2104 N. Forbes Blvd. Ste 101<br>Tucson, AZ 85745 |
| Town of Marana<br>Water Department<br>5100 W. Ina Road<br>Tucson, AZ 85743 | The Wasserstrom Company<br>477 S. Front Street<br>Columbus, OH 43215 | Trimble Mobile Solutions<br>Dept. 33871<br>PO Box 39000<br>San Francisco, CA 94319 |
| Trejo Oil Company, Inc.<br>c/o Wayne L. Gardner, Gunderson,<br>Denton & Peterson, P.C.<br>1930 N. Arboleda Road, Suite 201<br>Mesa, Arizona 85213 | General Parts, LLC<br>11311 Hampshire Ave. South<br>Bloomington, MN 55438 | Tucson Electric & Power Company<br>PO Box 80077<br>Prescott, AZ 86304 |
| United Fire Equipment Co.<br>335 N. 4th Ave.<br>Tucson, AZ 85705 | James A. Jutry<br>DeConcini McDonald<br>Yetwin & Lacy P.C.<br>2525 E. Broadway Blvd., Suite 200<br>Tucson, Arizona 85716-5300 | Valley Telecom<br>PO Box 970<br>Willcox, AZ 85644 |
| US Food Service<br>2838 Collections Center Drive<br>Chicago, IL 60693 | Vista Recycling Inc.<br>114 W. 8th Street<br>Safford, AZ 85546 | Verizon Wireless<br>PO Box 660108<br>Dallas, TX 75266 |
| Water Tec of Tucson Inc.<br>4601 S. 3rd Ave.<br>Tucson, AZ 85714 | Waste Management<br>PO Box 78251<br>Phoenix, AZ 85062 | White Mountain Bait & Tackle<br>1300 W. McNeil<br>Show Low, AZ 85901 |
| | A-MART, L.L.C.<br>2021 N. Ajo<br>Gila Bend Hwy/Ajo<br>Ajo, AZ 85321 | Xerox Corporation<br>PO Box 7405<br>Pasadena, CA 91109 |
| Casey & Debbie Faunce<br>DC Cross Merchantile<br>3722 N. Wadsworth Road<br>Willcox, AZ 85643 | Bob's IGA West, LLC<br>900 W. Rex Allen Drive<br>Willcox, AZ 85643 | DNB, LLC<br>PO Box 57403<br>Tucson, AZ 85732 |
| Dairy Queen of Southern Arizona, Inc.<br>1700 E. 11th Street<br>Douglas, AZ 85607 | Linda Moser & Sean Chaffey<br>Willcox Real Estate<br>916 W. Rex Allen Drive<br>Willcox, AZ 85643 | Jackson Oil Company Inc.<br>3450 Commercial Court<br>Meridian, ID 83642 |

Merle's Automotive Supply
P.O. Box 50584
33 W. University Blvd.
Tucson, AZ 85703

Kazi Enterprise Inc.
101 E. Monroe Ave.
Buckeye, AZ 85326

Smart Fashion
5565 W. Heather Drive
Willcox, AZ 85643

Mark Koelzer
Ace Hardware
1030 N. Arizona Blvd.
Coolidge, AZ 85228

Kenneth T. & Carol Dunlap
Rev Trust
759 S. Haskell
Willcox, AZ 85643

Hollywood Design
3410 W. Jackson Lane
Willcox AZ 85643

ECOLAB
P.O. Box 100512
Pasadena, CA 91189

Tyson Gymnastic Center, LLC
4231 S. Station Master
Tucson, AZ 85714

Best Western International, Inc.
PO Box 53505
Phoenix, AZ 85072

Arizona Department of Revenue
c/o Tax, Bankruptcy, and Collection
1275 W. Washington Avenue
Phoenix, AZ 85007

QBE Crest Insurance Group
5285 E. Williams Circle
Suite 4500
Tucson, AZ 85711

Heartland Food Products
1900 W. 47TH Place, Suite 302
Mission, KS 66205

Century Manufacturing Corporation
P.O. Box 2208
Seaford, NY 11783

Century Link
P.O. Box 29040
Phoenix, AZ 85038-9040

Safeway
20427 N. 27th Avenue
Phoenix, AZ 85027

Chase Card Member Service
P.O. Box 94014
Palatine, IL 60094-4014

Sysco Guest Supply
P.O. Box 910
Monmouth Junction, NJ 8852

Room Results Inc.
3378 Upper Pleasant Valley Road
Cambridge, VT 05444

Cox Cable
1440 E. 15th Street
Tucson, AZ 85719

Shamrock Foods
PO Box 52438
Phoenix, AZ 85072

Liggett Vector Brands Inc.
Consumer Relations
100 Maple Lane
Mebane, North Carolina 27302

Best Western International, Inc.
6201 N. 24th Parkway
Phoenix, AZ 85016-2023

LARRY L. WATSON
Office of the United States Trustee
230 N. First Ave, Suite 204
Phoenix, Arizona 85003

Mr. Pat Lopez
Rusing, Lopez and Lizardi
6363 N. Swan Rd., Suite 151
Tucson, Arizona 85718

Alan R. Solot
2701 E. Speedway, Suite 203
Tucson, Arizona 85716

Room Results Inc.
312 Lake Vista South
Lewisville, TX 75077

SSVEC
350 N. Haskell Avenue
Willcox, AZ 85643

David Wm. Engelman
Bradley D. Pack
ENGELMAN BERGER, P.C.
3636 North Central Ave, Ste 700
Phoenix, Arizona 85012

Michael G. Helms
HELMS LAW FIRM, P.L.C.
2600 N. Central Avenue, Suite 940
Phoenix, Arizona 85004

Jerome Romero, Esq.
Jones Waldo
170 S. Main St., #1500
Salt Lake City, UT 84101

Barbara Lawall
Daniel S. Jurkowitz
Pima County Attorney
Grant Winston
32 North Stone Avenue, Suite 2100
Tucson, Arizona 85701

Terry Bannon
Cochise County Attorney's Office/Civil
PO Drawer CA
Bisbee, AZ 85603

Larry K. Udall
Curtis, Goodwin, Sullivan,
Udall & Schwab, PLC.
501 East Thomas Road
Phoenix, Arizona 85012

Frederick Petersen
MESCH, CLARK & ROTHSCHILD P.C.
259 N. Meyer Avenue
Tucson, Arizona 85701-1090

Jeffrey G. Baxter
Pat P. Lopez III
Rebecca K. O'Brien
Rusing Lopez & Lizardi PLLC
6363 N. Swan Rd., #151
Tucson, AZ 85718

Pearce Financial Corporation
Profit Sharing Plan
6340 N. Campbell Avenue
Suite 278
Tucson, Arizona 85718

Dean M. Dinner
Nussbaum Gillis & Dinner, P.C.
14850 N. Scottsdale Road, Ste. 450
Scottsdale, AZ 85254

Dale C. Schian, Esq.
Schian Walker, P.L.C.
1850 North Central Avenue, #900
Phoenix, Arizona 85004-4531

Trey Dayes
Phillips Dayes Law Group PC
3101 N. Central Avenue, Ste. 1500
Phoenix, AZ 85012

Terry Bannon
Deputy Cochise County Attorney
P.O. Drawer CA
Bisbee, AZ 85603

Cochise County
Board of Supervisors
1415 Melody Lane, Bldg. G
Bisbee, AZ 85603

Internal Revenue Service
4041 N. Central Avenue
Phoenix, AZ 85012